UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRUEVIEW SURGERY CENTER ONE L.P., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-2577 |
| § | |
| ONESUBSEA LLC COMPREHENSIVE § | |
| SELF-INSURED WELFARE BENEFITS § | |
| PLAN, *et al*, § | |
| § | |
| Defendants. § | |

**OPINION AND ORDER**

Pending before the Court is Defendant OneSubsea LLC Comprehensive Self-Insured Welfare Benefits Plan, et al.'s ("the Plan") Motion to Dismiss. Doc. 5. Having considered the motion, the response, the reply, the facts in the record, and the applicable law, the Court denies the motion.

**I.   Background**

This is a suit for unpaid health insurance claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Doc. 1. Plaintiff TrueView Surgery Center One L.P. ("TrueView") operates a surgery center in Houston, Texas. The Plan is an ERISA-governed self-funded welfare benefits plan sponsored by OneSubsea LLC for its employees. On December 20, 2013, a OneSubsea employee covered by the Plan ("the Patient") registered for a septoplasty at TrueView and executed an Assignment of Benefits and Designation of Authorized Representative ("Assignment") to TrueView. Doc. 8 at 3. The Assignment gave TrueView the right to pursue the Plan directly for any "insurance benefits otherwise payable to [the Patient]." Doc. 8, Ex. B at 1. On December 28, 2013, the patient underwent a septoplasty. On January 16,

2014 and again on May 5, 2014, TrueView submitted claims to recover benefits from the Plan's claim administrator, Cigna, pursuant to the Assignment, but the claims were denied. Doc. 5 at 3.

## II.     Legal Standard

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction "should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see Physician Hospitals of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012) ("[T]he plaintiffs' burden is to allege a plausible set of facts establishing jurisdiction."). A court may dismiss "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989); *see also Montez v. Dep't of Nav*, 392 F.3d 147, 149 (5th Cir. 2004) ("[T]he trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case."); *Battaglia v. United States*, 495 Fed. Appx. 440, 441 (5th Cir. 2012) ("When a party challenges the facts on which jurisdiction depends, matters outside the pleadings, such as affidavits and testimony, are considered.").

## III.     Discussion

TrueView asserts five claims under ERISA: (1) breach of fiduciary duty, (2) failure to provide full and fair review, (3) failure to provide requested and required documentation, (4) unpaid plan benefits, and (5) violations of claims procedure. Doc. 3 at 33, 35–36, 41, 42. The Plan seeks dismissal on two grounds:  (1) TrueView has not alleged an injury-in-fact, and (2) the assignment of benefits by the Plan participant was void because of an anti-assignment clause in the Plan.  Doc. 5 at 1–2.

### A.     Injury-in-fact

The Plan argues TrueView has not suffered an injury-in-fact, because TrueView never attempted to bill the Patient for his share of the medical charges for the septoplasty. The Plan argues TrueView only has standing to the extent that the Patient has standing. Doc. 5 at 5 (citing *Owen v. Regence Bluecross Blueshield of Utah*, 388 F. Supp. 2d 1318, 1326 (D. Utah 2005)). Since the pending motion to dismiss was filed, however, the Fifth Circuit has held that a medical service provider "has statutory standing under ERISA for the benefit claims at issue because of assignments from plan beneficiaries," even if the patient was "not billed for the amount allegedly due from the insurance plans." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 192–5 (5th Cir. 2015).

### B.     Anti-Assignment Clause

The Plan argues TrueView's standing to bring this suit as an assignee of the Patient is precluded by an anti-assignment clause in the Patient's policy issued by the Plan ("the Policy"):

> [N]o interest in or benefit payable under the Plan shall be subject in any manner to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, or charge, and any action by a Participant to anticipate, alienate, sell, transfer, assign, pledge, encumber, or charge the same shall be void and of no effect; nor shall any interest in or benefit payable under the Plan be in any way subject to any legal or equitable process, including, but not limited to, garnishment, attachment, levy, seizure, or the lien of any person.

Doc. 5, Ex. A at 30. TrueView challenges this anti-assignment clause on the ground that it was not intended to preclude assignments to medical service providers such as TrueView. In *Hermann Hospital v. MEBA*, the Fifth Circuit held the following anti-assignment clause did not apply to medical service providers but applied only to "unrelated, third-party assignees . . . such as creditors":

> No employee, dependent or beneficiary shall have the right to assign, alienate, transfer, sell, hypothecate, mortgage, encumber, pledge, commute, or anticipate

> any benefit payment hereunder, and any such payment shall not be subject to any legal process to levy execution upon or attachment or garnishment proceedings against for the payment of any claims.

959 F.2d 569, 574–5 (5th Cir. 1992), *overruled on other grounds by Access Mediquip, L.L.C. v. United Health Care Ins. Co.*, 698 F.3d 229, 230 (5th Cir. 2012). Subsequently, in *LeTourneau v. Wal-Mart,* the Fifth Circuit held the following anti-assignment clause did prohibit assignments to medical service providers:

> Medical coverage benefits of this Plan may not be assigned, transferred or in any way made over to another party by a participant. Nothing contained in the written description of Wal-Mart medical coverage shall be construed to make the Plan or Wal-Mart Stores, Inc., liable to *any third-party to whom a participant may be liable for medical care, treatment, or services*.

298 F.3d 348, 349 (5th Cir. 2002) (emphasis added). The court reasoned: "This language is unquestionably directed at providers of health care services such as LeTourneau in precisely the way that the anti-assignment language [in] *Hermann II* was not." *Id*. at 351.

Here, the anti-assignment clause in the Policy is almost identical to the language in *Hermann II* and therefore does not prohibit assignments to medical service providers such as TrueView. The Plan seeks to distinguish its anti-assignment clause from the one in *Hermann II* by arguing its clause was more "direct," because it provides that all assignments are "void and of no effect" and separates the garnishment and attachment section by a semicolon. Doc. 9 at 8. The Fifth Circuit, however, rejected a clause with these exact elements in *Abilene Reg'l Med. Ctr. v. United Indus. Workers Health & Benefits Plan*, No. 06-10151, 2007 WL 715247, at *4 (5th Cir. Mar. 6, 2007). The *Abilene* court reaffirmed *Hermann II*, distinguishing *LeTourneau* on the grounds that the relevant clause "did not resemble a spendthrift provision and unambiguously stated that the plan would not be 'liable to any third-party to whom a participant may be liable for medical care, treatment, or services.'" *Id*.; *see also Harris Methodist Fort Worth v. Sales*

*Support Services Inc. Employee Health Care Plan*, 426 F.3d 330, n. 4 (5th Cir. 2005) ("[I]n *LeTourneau*, neither party contested the fact that the plan beneficiary's hospital entrance form constituted a valid assignment of her rights under ERISA to the plan provider despite an anti-assignment clause in the plan documents; the dispute was over that plan's coverage of the services rendered. Because the services rendered in that case were not covered by the plan in the first place, the provider lacked standing."). The Court is compelled by *Hermann II* to hold the anti-assignment clause in the Policy does not prohibit the Patient's assignment to TrueView of his rights to pursue benefits.

TrueView also argues the Plan has waived, or is estopped from asserting, the anti-assignment clause. *See Hermann II*, 959 F.2d at 574 (estoppel found where plan failed to assert anti-assignment clause until after plaintiff filed suit; plaintiff had requested payment for over three years through "continuous communication," whereas the plan "kept postponing payment, asserting that it was 'investigating' the claim."); *Shelby County Health Care Corp. v. Genesis Furniture Indus., Inc.*, No. 3:13-CV-00245-SA-SAA, 2015 WL 1457973, at *2 (N.D. Miss. Mar. 30, 2015) (estoppel found where "[n]othing in the record indicates that [plan] objected to [provider's] claim for benefits on the basis of the non-assignment clause until [defendant] filed its response in opposition to the current motion").

Here, the Plan did not assert the anti-assignment clause until January 5, 2015 in its motion to dismiss. Doc. 5 at 1–2. The Plan argues that it asserted the anti-assignment clause on May 19 and August 12, 2014 in pre-suit communications with TrueView, in which the Plan requested written proof of TrueView's "authority to request any plan documents as an authorized representative of the [Patient]". Doc. 10, Ex. 1 at 2. As the Plan admits in its Reply, however, the phrase "authorized representative" as used by the Plan does not necessarily implicate an

assignee-assignor relationship. Doc. 9 at 7. Additionally, before the Plan asserted the anti-assignment clause, TrueView had sent the Plan an "ERISA & PPACA Level I Appeal" letter on March 31, 2014 stating:

> Should this ERISA plan contains unambiguous anti-assignment clause prohibiting assignment of rights, benefits and causes of action in SPD [Summary Plan Description], the plan administrator is required to timely notify or disclose to the assignee of such prohibition by disclosing such SPD, especially on this appeal process, to avoid judicial unenforceability of your anti-assignment clause on judicial process. [sic]

Doc. 8, Ex. F at 46. Since the Court has determined that the anti-assignment clause does not apply to TrueView, it is not necessary to decide whether a genuine issue of fact as to waiver or estoppel exists.

## IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Doc. 5) is **DENIED**.

SIGNED at Houston, Texas, this 17th day of July, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE